IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FREDERICK H.K. BAKER, JR., and HAUNANI Y. BAKER, | Civ. No. 09-00615 ACK-BMK |
| Plaintiffs, | |
| vs. | |
| GERALD M. STEHURA, JOHN DOES 1-100, MARY ROES 1-100, JIM and JANE SMITH 1-100, DOE CORPORATIONS 1-100, DOE PARTNERSHIPS 1-100, DOE ENTITIES 1-100, and WHOMEVER ELSE THIS MAY CONCERN, | |
| Defendants. | |

## ORDER DISMISSING COMPLAINT WITH PREJUDICE

### PROCEDURAL BACKGROUND

On December 24, 2009, Plaintiffs Frederick H.K. Baker, Jr. and Haunani Y. Baker ("Plaintiffs" or "the Bakers") filed a complaint against Gerald M. Stehura ("Defendant" or "Mr. Stehura") claiming ownership of two properties.  The first property is located at Lot 7, Block 24, as delineated on the map entitled "Hawaii Beaches Subdivision," identified by Tax Map Key No. (3) 1-5-82-93.  The second property is located at Lot 9, Block 24, as delineated on the map entitled "Hawaii Beaches Subdivision," identified by Tax Map Key No. (3) 1-5-82-94 (collectively, "Subject Properties").  Plaintiffs claim to have

"vested rights" in the Subject Properties by virtue of, <u>inter alios</u>, "the Hawaiian Homes Commission Act of 1920, the Hawaiian Organic Act, the Constitution of Hawai'i, the positive laws thereof, and any laws of the Kingdom of Hawai'i that were not Amended or repealed."  Compl. at 2-3.

On April 19, 2010, Mr. Stehura wrote a letter to the Court requesting that the Court dismiss this action "as soon as possible," on the grounds that the Hawai'i state courts have already held that he has valid title to the Subject Properties. <u>See</u> Doc. no. 11.

On July 12, 2010, the Court issued an order to show cause why the Complaint should not be dismissed ("Order to Show Cause").  <u>See</u> Doc. no. 15.  In its Order to Show Cause, the Court explained that Plaintiffs' current claims appeared to be barred by a foreclosure action against the Bakers that occurred in 1992. <u>See</u> Order to Show Cause at 2.  The Court ordered that Plaintiffs show cause within thirty (30) days from the date the Order to Show Cause was issued.  <u>Id.</u> at 9.  The Court further indicated that failure to show cause within thirty (30) days would result in automatic dismissal of the action.  <u>Id.</u>

Although Plaintiffs' showing of cause was due by August 11, 2010, Plaintiffs made no such showing by that date.  However, on August 16, 2010, Plaintiffs filed an untimely showing of cause

("Pls' Showing of Cause").[1/]   In their showing of cause,
Plaintiffs primarily argue that the Hawai'i state courts did not
have jurisdiction over the Subject Properties.  See Pls' Showing
of Cause at 3 ("Based upon the inherent sovereignty of the Bakers
and the nation of Hawai'i in and to the Hawaiian Islands
Archipelago, the two state court actions, referenced in the Order
to Show Cause . . . are VOIDABLE especially in this
proceeding.").

**BACKGROUND**

As noted in the Court's Order to Show Cause, upon
review of the state court docket, the Court finds that
Plaintiffs' current claims are barred by a foreclosure action
against the Bakers that occurred in 1992.   In addition, the state
court has recently held that Mr. Stehura has valid title to the
Subject Properties.   The Court will describe both of these state
court actions in turn.

I.        **Foreclosure Action Against the Bakers in 1992**

While the Bakers did appear to have title to the
Subject Properties at one point in time, the Bakers were divested

---

[1/] The Court observes that because Plaintiffs' showing of
cause was untimely, this case should be automatically dismissed
with prejudice pursuant to the Order to Show Cause.
Nevertheless, because the arguments Plaintiffs raised in their
showing of cause are without merit, the Court will address
Plaintiffs' untimely briefing.   Plaintiffs' failure to show cause
in a timely manner, however, serves as an alternative basis for
this Court's dismissal of Plaintiffs' Complaint with prejudice.

of title in 1992 through a foreclosure action in the Circuit
Court for the Third Circuit of the State of Hawai'i.  See
Nishitani v. Frederick Hering Kekaulike Baker, Jr., et al.,
Findings of Fact, Conclusions of Law, Order Granting Summary
Judgment and for Interlocutory Decree of Foreclosure, in Civ. No.
90-0-000403 (Haw. 3d Cir. Nov. 22, 1991) ("Nishitani SMJ Order
and Interlocutory Decree of Foreclosure"); see also id., Order
Approving Report of Commissioner Confirming Sale of Real Property
at Public Auction, and Directing Distribution of Proceeds, in
Civ. No. 90-0-000403 (Haw. 3d Cir. July 7, 1992) ("Nishitani
Order Confirming Sale").[2]

In the foreclosure action, on September 17, 1991,
plaintiff Sam Nishitani, as personal representative under the
Will and Estate of Walter John MacLean ("W. MacLean"), filed a
motion for summary judgment and interlocutory decree of
foreclosure.  A hearing was held on the plaintiff's motion on
October 3, 1991, in which the Bakers failed to appear.  Nishitani
SMJ Order and Interlocutory Decree of Foreclosure at 1-2.[3]

---

[2] As discussed infra, the Nishitani Order Confirming Sale
was appealed and affirmed by the Intermediate Court of Appeals of
Hawai'i.

[3] After the hearing but prior to the entry of the summary
judgment order and interlocutory foreclosure decree, the Bakers
made an appearance in the foreclosure action to, inter alia,
contest jurisdiction.  Judge Kimura delayed the issuance of the
summary judgment order and interlocutory foreclosure decree to
allow the Bakers to file any motions to set aside default or the
(continued...)

Judge Shunichi Kimura found that, in 1985, the Bakers executed a note ("1985 Note") and two mortgages ("1985 Mortgages")[4/] in favor of W. MacLean.  Id. at 3.  Further, Judge Kimura found that the Bakers were in default of the 1985 Note and Mortgages.  Id. at 3-4.

As a result of the Bakers' default, Judge Kimura held that W. MacLean was entitled to foreclosure upon the Subject Properties (the 1985 Mortgages).  Id. at 7.  Judge Kimura thereby issued an interlocutory decree of foreclosure, which "bar[red] Defendants Baker, and all persons claiming by, through or under them, of, or from all rights, title and interest in said Propert[ies] or any part thereof."  Id. at 10.

K. Napua Brown, Esq., was appointed to serve as commissioner to oversee the sale of the Subject Properties ("Commissioner").[5/]  On April 14, 1992, the Commissioner filed her report ("Report of the Commissioner").  On May 22, 1992, plaintiff filed a motion for an order approving the Report of the Commissioner.  On July 7, 1992, Judge Kimura issued an Order

---

[3/](...continued)
summary judgment order and interlocutory foreclosure decree, but no such motions were filed.  As a result, Judge Kimura entered the Nishitani SMJ Order and Interlocutory Decree of Foreclosure on November 22, 1991.

[4/] The 1985 Mortgages encumbered the Subject Properties.

[5/] K. Napua Brown was appointed as a substitute Commissioner on December 12, 1991.

Approving the Report of the Commissioner, Confirming the Sale of
Real Property at a Public Auction, and Directing Distribution of
the Proceeds.  See Nishitani Order Confirming Sale.

        The Bakers appealed the Nishitani SMJ Order and
Interlocutory Decree of Foreclosure twice, but both appeals were
dismissed as untimely because a final decision on the merits had
not been entered.  The Bakers also appealed the Nishitani Order
Confirming Sale to the Intermediate Court of Appeals of Hawai'i.
The Intermediate Court of Appeals of Hawai'i affirmed the lower
court, holding, inter alia, that the court had jurisdiction over
the Bakers even though they claimed immunity as birth descendants
of Native Hawaiians.  See Nishitani v. Baker, 82 Haw. 281, 921
P.2d 1182 (App. 1996) ("Order Affirming Nishitani").  That is,
the Intermediate Court of Appeals of Hawai'i specifically
rejected the Bakers' argument that "birth descendants of Native
Hawaiians" are not subject to the government and the courts of
the State of Hawai'i.  Id. at 289, 921 P.2d at 1190 (citing State
v. Lorenzo, 77 Hawai'i 219, 883 P.2d 641 (App. 1994)).

II.       **Trespass Action Against Mr. Keliihoomalu in 2008**

        The second action involves a trespass action that Mr.
Stehura brought against a certain Robert Keliihoomalu, Jr. ("Mr.
Keliihoomalu").  Judge Glenn S. Hara of the Circuit Court for the
Third Circuit of the State of Hawai'i has recently ruled that Mr.
Stehura owns the Subject Properties.  See Stehura v. Keliihoomalu

("Keliihoomalu"), Cv. No. 07-1-0101 (Haw. 3d Cir. Feb. 5, 2009).[6]

In Keliihoomalu, Mr. Stehura brought a civil action against Mr. Keliihoomalu for ejectment, trespass, and unjust enrichment.  Following a bench trial, the court found that Mr. Keliihoomalu had trespassed on Mr. Stehura's properties since December 2006.

Although it does not appear that the Bakers were parties in Keliihoomalu, the issue of the Bakers' ownership was directly addressed by Judge Hara.  Specifically, the court noted that "[Mr. Stehura's] exhibits show title to the property at issue in this case, identified by Tax Map Keys Nos. (TMK) (3) 1-5-082-093 and (3) 1-5-082-094 [the Subject Properties], being transferred to [Mr. Stehura] through a chain of owners originating with K. Napua Brown, Esq., who was then serving as Commissioner pursuant to an order filed in a foreclosure action against Frederick Hering Kekaulike Baker, a.k.a. Pali Kekaulike Wong and Haunani Young Baker, aka Yvonne Haunani Wong." Keliihoomalu at 2.[7]  The court explained that Mr. Keliihoomalu did not claim to have title to the property, but instead claimed

---

[6] This decision was affirmed by the Intermediate Court of Appeals of Hawai'i.  Stehura v. Keliihoomalu, Jr., et al., No. 30050 (Haw. App. Feb. 23, 2010).

[7] Judge Hara is referring to the foreclosure action described above.

"'vested rights' to the property through his maternal side of the family namely one Frederick Hering Kekaulike Baker." Id. at 2-3. The evidence presented showed that although the Bakers did at one point have title to the Subject Properties, the Bakers were divested of title through a foreclosure action. Id.[8/] Because the Bakers had been divested of title and Mr. Stehura showed title to the properties in issue, the court found that Mr. Stehura was entitled to immediate possession of the properties designated by Tax Map Key Nos. (3) 1-5-082-093 and (3) 1-5-082-094. Id.[9/]

### STANDARD

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial

---

[8/] The findings of fact and conclusions of law in Keliihoomalu reaffirm that the Bakers were divested of title as a result of the foreclosure action in 1992, and that at no point since then have the Bakers or Mr. Keliihoomalu reacquired title to the Subject Properties.

[9/] Plaintiffs argue that this Court should ignore the Trespass Action Against Mr. Keliihoomalu in 2008 because "[t]he practice of allowing an ejectment to be maintained in state courts upon equitable titles cannot effect [sic] the jurisdiction of the courts of the United States." Pls' Showing of Cause at 5 (citing Fenn v. Holme, 62 U.S. 481 (1858)). Despite lacking merit, this argument is immaterial because the dismissal of the present action is based upon the foreclosure action in 1992. The Court's reference to the Trespass Action Against Mr. Keliihoomalu in 2008 is for purposes of establishing that the Hawai'i state courts have held that Mr. Stehura, the defendant in this action, possess valid title to the Subject Properties.

court may dismiss a claim sua sponte under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Ricotta v. California, 4 F.Supp.2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").  In addition, a district court may, sua sponte, dismiss a case on preclusion grounds after the parties are given an opportunity to be heard on the issue.  See Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1054-55 (9th Cir. 2005).

Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, courts may also "consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); see also Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048 (9th Cir. 2007) (holding that a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute).

**DISCUSSION**

Upon review of the Complaint, the <u>Nishitani</u> SMJ Order
and Interlocutory Decree of Foreclosure, the <u>Nishitani</u> Order
Confirming Sale, the Order Affirming <u>Nishitani</u>, Judge Hara's
decision in <u>Keliihoomalu</u>, and Plaintiffs' Showing of Cause, the
Court finds that the Complaint fails to state a claim upon which
relief can be granted.

Although it appears that the Bakers did at one point
have title to the Subject Properties, the Bakers were divested of
title through a foreclosure action.  Taking judicial notice of
the <u>Nishitani</u> SMJ Order and Interlocutory Decree of Foreclosure,
the <u>Nishitani</u> Order Confirming Sale, and the Order Affirming
<u>Nishitani</u>, the Court finds that Plaintiffs current action is
barred.  <u>See</u> Fed. R. Evid. 201(a)-(f); <u>see also</u> <u>Lee v. City of
Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001) (holding that a
court may take judicial notice of undisputed "matters of public
record"); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir.
1980) (stating that a court may take judicial notice of court
records in another case, as well as the records of an inferior
court in other cases).  The <u>Nishitani</u> SMJ Order and Interlocutory
Decree of Foreclosure "bar[red] Defendants Baker, and all persons
claiming by, through or under them, of, or from all rights, title
and interest in said Propert[ies] or any part thereof."
<u>Nishitani</u> SMJ Order and Interlocutory Decree of Foreclosure at

10

10.  Plaintiffs' current action relates to the same properties
that were foreclosed upon, and therefore is barred because
Plaintiffs are attempting to claim rights or title in the Subject
Properties.  <u>Id.</u>

     In their Showing of Cause, Plaintiffs have not asserted
or come forward with any evidence that they have acquired title
to the Subject Properties subsequent to the foreclosure sale.
Instead, Plaintiffs argue that the foreclosure action is voidable
because Hawai'i courts do not have jurisdiction over them as
residents of the Kingdom of Hawai'i.  This argument has been
rejected by the Ninth Circuit as well as this Court on repeated
occasions.  <u>See</u> <u>United States v. Lorenzo</u>, 995 F.2d 1448, 1456
(9th Cir. 1993) (holding that the Hawai'i district court has
jurisdiction over Hawai'i residents claiming they are citizens of
the Sovereign Kingdom of Hawaii); <u>Wang Foong v. United States</u>, 69
F.2d 681, 682 (9th Cir. 1934); <u>see also</u> <u>Naehu v. Hawaii</u>, Civil
No. 01-00579 SOM/KSC, slip op. (D. Haw. Sept. 6, 2001) (holding
that Hawai'i traffic laws apply to persons claiming to be members
of the Kingdom of Hawai'i); <u>Dukelow v. Hawaii</u>, Civ. No. 98-00047
ACK, slip op. (D. Haw. Aug. 5, 1998) (finding that the
<u>Rooker-Feldman</u> doctrine barred the plaintiff's complaint claiming
Hawaii's traffic laws did not apply to him because he was neither
a United States citizen nor a citizen of the State of Hawai'i).
     The Hawai'i state courts have reached the same

11

conclusion, rejecting claims premised on the asserted sovereignty of the laws of the Kingdom of Hawai'i, finding that the Kingdom of Hawai'i is no longer recognized as a sovereign state by either the federal government or by the State of Hawai'i.  See State v. Lorenzo, 77 Haw. 219, 221, 883 P.2d 641, 643 (Haw. App. 1994); accord State v. French, 77 Haw. 222, 228, 883 P.2d 644, 649 (Haw. App. 1994) ("[P]resently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature") (quotations omitted).

Indeed, as noted supra, in the Order Affirming Nishitani, the Intermediate Court of Appeals of Hawai'i specifically rejected the Bakers' argument that "birth descendants of Native Hawaiians" are not subject to the government and the courts of the State of Hawai'i.  Id. at 289, 921 P.2d at 1190 (citing State v. Lorenzo, 77 Haw. 219, 221, 883 P.2d 641, 643 (Haw. App. 1994)).  Thus, to the extent Plaintiffs' current Complaint seeks to re-raise arguments previously rejected by the state court, this Court lacks jurisdiction under the Rooker-Feldman doctrine.  See Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) (lower federal courts "possess no power whatever" to sit in direct review of state court decisions); Allah v. Superior Ct. of

State of Cal., 871 F.2d 887, 890-91 (9th Cir. 1989).[10/]   Moreover,

even if Plaintiffs' argument that the Hawai'i state courts do not

have jurisdiction is not barred by the Rooker-Feldman doctrine,

it is without merit, as it has been rejected by both the Ninth

Circuit and this Court on numerous occasions.   See Lorenzo, 995

F.2d at 1456; see also Naehu v. Hawaii, Civil No. 01-00579

SOM/KSC, slip op. (D. Haw. Sept. 6, 2001).[11/]

---

[10/] Plaintiffs also assert that "[t]he court records show that the county, state, and court officers conspired with Sam Nishitani, in the foreclosure action in 1992, to defraud the Bakers of the 'Subject Properties' absent jurisdiction."  Pls' Showing of Cause at 3.  This argument, however, was considered and rejected by the Intermediate Court of Appeals of Hawai'i. See Order Affirming Nishitani at 1192-93.

[11/] Moreover, the current action is barred under the doctrine of res judicata.  See Albano v. Norwest Fin. Hawaii, Inc., 244 F.3d 1061 (9th Cir. 2001) (applying Hawai'i law and holding that a state court foreclosure judgment may bar federal claims that "could have been litigated in the foreclosure action"); Bremer v. Weeks, 104 Hawai'i 43, 53, 85 P.3d 150, 160 (2004) (observing that under Hawaii law "[t]he judgment of a court of competent jurisdiction . . . precludes the relitigation . . . of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided").  In Albano, the Ninth Circuit explained:

> In Hawaii the doctrine [of res judicata] is applied in a robust way.  That is based upon the Hawaii Supreme Court's insistence that parties should be spared unnecessary vexation, expense, and inconsistent results; that judicial resources shall not be wasted; and that the 'legal efficacy' of final judgments shall not be undermined, but rather that final determinations 'by competent tribunals shall be accepted as undeniable legal truth.'  Thus, while everyone is given the opportunity to present a case, that is 'limited to one such opportunity.'

Albano, 244 F.3d at 1063 (internal citations omitted); see also
(continued...)

## CONCLUSION

In light of the foregoing, the Court dismisses Plaintiffs' Complaint WITH prejudice.  The Clerk of the Court is directed to enter judgment in favor of Defendant, and close this case.

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, September 8, 2010.



_____
Alan C. Kay
Sr. United States District Judge

Baker v. Stehura, et al., Civ. No. 09-00615 ACK-KSC: Order Dismissing Complaint With Prejudice

---

[11]/(...continued)
Ellis v. Crockett, 51 Haw. 45, 55, 451 P.2d 814, 822 (1969) ("The judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter . . . ."). Further, although the Bakers did not appear at the hearing on the motion for summary judgment and interlocutory decree of foreclosure, claim preclusion may be applied even against a defaulted party where they have notice of the proceedings. See Albano, 244 F.3d at 1061 (upholding the district court's dismissal of a borrower's Truth in Lending Act claim against a lender in federal court based on res judicata principles even though the plaintiffs failed to appear at the foreclosure proceedings).